UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VERONICA GRIFFIN** | |
| | **CIVIL ACTION** |
| v. | |
| | **NO. 21-303-JWD-EWD** |
| **THE LOUISIANA STATE BOARD OF NURSING** | |

**RULING AND ORDER**

This matter comes before the Court on *Defendant's Rule 12(b)(1) Motion to Dismiss* (Doc. 12) filed by the Louisiana State Board of Nursing ("LSBN" or "Board"). Plaintiff Veronica Griffin ("Griffin") opposed the motion (Doc. 18), and LSBN filed a reply (Doc. 20). Oral argument is not necessary. The Court has carefully considered the law, facts in the record, and arguments and submissions of the parties and is prepared to rule. For the following reasons, the motion is granted in part and denied as moot in part.

**I.    Relevant Factual and Procedural Background**

In her *Verified Complaint* (Doc. 1), Griffin alleges that she has been a registered nurse licensed by LSBN since March 2, 2005, (*id.* at ¶ 5), and that she received her post-master's degree as a family nurse practitioner from Herzing University on April 12, 2020, (*id.* at ¶ 7). Griffin applied to the LSBN to become a credentialed Family Nurse Practitioner on May 28, 2020, (*id.* at ¶ 9), and received a passing score on the Nurse Practitioner certification exam on June 29, 2021, (*id.* at ¶ 8). However, she claims that, on July 21, 2020, the Board denied her request, citing an open investigation from a received complaint and the fact that she "cannot become credentialed as a Nurse Practitioner" while she remained in the investigative phase. (*Id.* at ¶ 10; *see also* Doc. 18, at 3.)

Griffin asserts she has complied with the requirements of LA. ADMIN. CODE tit. 46, § 4507, *Licensure as Advanced Practice Registered Nurse* (Doc. 1, ¶ 13), and that the LSBN has failed to prove she committed any act or omission that constitutes grounds for disciplinary action as defined in La. R.S. § 37:921 and LA. ADMIN. CODE tit. 46, §§ 3403, 3405. (*Id.* at ¶ 14.) Because the Board allegedly failed to recognize that an investigation is separate and distinct from a disciplinary proceeding, Griffin claims it has imposed an arbitrary restriction on her right to practice as a Nurse Practitioner (*id.*), causing her to suffer from embarrassment, humiliation, mental distress, and loss of earning capacity, (Doc. 1-1, ¶ 15).

II. **Relevant Standards**

   A. **Rule 12(b)(1) Standard**

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge a court's subject matter jurisdiction to hear a case and may be raised at any time. *United States v. Cotton*, 535 U.S. 625, 630 (2002); *see also Gobert v. Allstate Ins. Co.*, No. 15-222, 2019 WL 2064414 at *4 (M.D. La. March 7, 2019). The party asserting the existence of subject matter jurisdiction bears the burden of proof. *Johnson-Blount v. Bd. of Supervisors for S. Univ.*, 994 F. Supp. 2d 780, 783 (M.D. La. 2014). When determining a Rule 12(b)(1) motion, the court may find a lack of subject matter jurisdiction based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Gobert*, 2019 WL 2064414 at *4 (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Thus, a Rule 12(b)(1) motion should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle the plaintiff to relief. *Id.*

### B. Rule 12(b)(6) Standard

In *Johnson v. City of Shelby*, the Supreme Court explained "Federal pleading rules call for a 'short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." 574 U.S. 10-11 (2014) (citation omitted).

Interpreting Rule 8(a) of the Federal Rules of Civil Procedure, the Fifth Circuit has explained:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Applying the above case law, the Western District of Louisiana has stated:

> Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)]; *Twombly*, 55[0] U.S. at 556. This analysis is not substantively different from that set forth in *Lormand, supra*, nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. R. Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. This standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided that there is a "reasonable

> expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand*, 565 F.3d at 257; *Twombly*, 55[0] U.S. at 556.

*Diamond Servs. Corp. v. Oceanografia, S.A. De C.V.*, No. 10-177, 2011 WL 938785, at *3 (W.D. La. Feb. 9, 2011) (citation omitted).

The Fifth Circuit further explained that, in deciding a Rule 12(b)(6) motion, all well-pleaded facts are taken as true and viewed in the light most favorable to the plaintiff. *Thompson v. City of Waco*, 764 F.3d at 500, 502–03 (5th Cir. 2014). The task of the Court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted." *Id.* at 503.

### III. Discussion

#### A. Parties' Arguments

**1. LSBN's Memorandum in Support (Doc. 12-1)**

According to the Board, this Court should dismiss Griffin's claims with prejudice because this Court lacks jurisdiction. First, the Board asserts that Griffin's claims are barred by Eleventh Amendment sovereign immunity. (Doc. 12-1, 3). The Board cites Louisiana Revised Statutes § 37:914 and prior rulings by this Court to support its claim that LSBN is immune from being sued in federal court because it is an arm of the State. (*Id.* at 3-4.) The Board also states it did not voluntarily waive its immunity. (*Id.* at 4.)

Next, the Board emphasizes that Griffin's claims must be dismissed because the LSBN is not a "person" for purposes of a § 1983 claim. (*Id.* at 5.) The LSBN points out that Griffin's suit only names the Board as a defendant, which, as an arm of the State, is not considered a "person" under § 1983. (*Id.*) Finally, the LSBN requests the Court to decline to exercise supplemental jurisdiction over any state law claims for damages Griffin may attempt to assert. (*Id.* at 6.)

4

### 2. Plaintiff's Memorandum in Opposition (Doc. 18)

Griffin opposes the Board's motion and relies on *North Atlantic Security Company v. Blache*, No. 19-379, 2020 WL 6588946 (M.D. La. Nov. 10, 2020), to support her ability to sue the LSBN under the Fourteenth Amendment. (Doc. 18, 5-12.) She asserts her claims against the LSBN are not barred by absolute immunity because: (1) the Board violated her due process rights by failing to provide her procedural remedies as part of their investigation, and (2) the Board has continued to not act in a way that moves the investigation in a meaningful manner. (*Id.* at 7–9.) Additionally, Griffin claims the LSBN should be denied qualified immunity because the Board violated a clearly established constitutional or statutory right by denying her credentials and her right to become and work as a credentialed nurse practitioner. (*Id.* at 11–12.) She also requests that the Court exercise its discretion regarding supplemental jurisdiction and retain the state law claims. (*Id.* at 12.)

### 3. LSBN's Reply (Doc. 20)

In reply, the LSBN reiterates that Griffin's claims are barred by its Eleventh Amendment immunity defense. (Doc. 20, 1-3.) It urges that Griffin has not met her burden of proving subject matter jurisdiction for her claim and distinguishes *North Atlantic* from the instant matter. The Board explains it has not raised the defenses of absolute or qualified immunity because it is not a "person" under § 1983, and therefore, the Board cannot be sued in its individual capacity. (*Id.* at 2-3.) The Board again argues in closing that (1) Griffin never addressed what state law claims were asserted in her complaint, but (2) to the extent any were made, the Court should decline to exercise supplemental jurisdiction over same. (*Id.* at 4.)

B. Analysis

**1. The Board Is Entitled to Sovereign Immunity**

The Eleventh Amendment of the United States Constitution grants states immunity from being sued in federal court by its own citizens, citizens of other states, and foreign nations. *Williams v. Louisiana*, No. 17-453, 2019 WL 1003645, at *3 (M.D. La. Feb. 28, 2019) (citations omitted); *see also Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 766 (2002) ("Sovereign immunity does not merely constitute a defense to monetary liability or even to all types of liability. Rather, it provides an immunity from suit."). Plaintiffs are prohibited from filing suit against a state in federal court unless the state has waived its sovereign immunity or Congress has "expressly abrogated" it. *McQueary-Layne v. La. State Bd. of Nursing*, No. 18-632, 2019 WL 1549422, at *2 (M.D. La. Apr. 8, 2019) (Jackson, J.) (citing *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013). Neither of these waivers are applicable here, and Louisiana explicitly maintains its sovereign immunity by statute. *See* La. Rev. Stat. § 13:5106(A).

The scope of sovereign immunity extends to actions against state agencies classified as "arms of the state." *Johnson-Blount*, 994 F. Supp. 2d at 783 (citing *Regents of the Univ. of Cal. v. John Doe*, 519 U.S. 425, 429 (1997); *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir.2002)). To be deemed an "arm of the state," the defendant state agency must be closely connected to the state itself, making the state "the real, substantial party in interest." *Rodgers v. State of La. Bd. of Nursing*, No. 15-615, 2015 WL 9274930, at *2 (M.D. La. Dec. 18, 2015) (Brady, J.), *aff'd*, 665 F. App'x 326 (5th Cir. 2016) (quoting *Hudson v. City of New Orleans,* 174 F.3d 677, 681 (5th Cir. 1999)).

"There is no bright-line test for determining whether a political entity is an "arm of the State" for purposes of Eleventh Amendment immunity." *Id.* at *3 (citing *Vogt v. Bd. of Comm'rs*

*of Orleans Levee Dist.*, 294 F.3d 684, 689 (5th Cir. 2002); *Hudson*, 174 F.3d at 681). "Instead, 'the matter is determined by reasoned judgment about whether the lawsuit is one which, despite the presence of a state agency as the nominal defendant, is effectively against the sovereign state.'" *Id.* (quoting *Vogt*, 294 F.3d at 689 (citing *Earles v. State Bd. of Certified Pub. Accts. of La.*, 139 F.3d 1033, 1037 (5th Cir.1998))). As this Court explained in *Rodgers*:

> To help identify when a suit against a governmental entity is considered to be a suit against the State, the Fifth Circuit traditionally considers six factors: (1) whether state statutes and case law characterize the agency as an arm of the state; (2) the source of funds for the entity; (3) the degree of local autonomy the entity enjoys; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property. *Id.*

*Id.* (citing *Vogt*, 294 F.3d at 689). "A defendant need not possess all six factors to be recognized as an arm of the State, nor are all factors equal to one another." *Id.* (citing *Hudson*, 174 F.3d at 681-82). "The most significant factor is whether a judgment against the agency will be paid with state funds." *Id.* (citing *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147-48 (5th Cir. 1991)). ("Because an important goal of the Eleventh Amendment is the protection of state treasuries, [this is] the most significant factor in assessing an entity's status.")

Having carefully considered the matter, the Court finds that the LSBN is an arm of the state and is thus entitled to sovereign immunity. Numerous cases have examined this issue and reached the same result. *See Rodgers*, 2015 WL 9274930, at *5–6 ("After carefully weighing the six factors, the Court finds that the LSBN is an 'arm of the State,' and therefore Louisiana is "the real, substantial party in interest."); *McQueary-Layne*, 2019 WL 1549422, at *2–3 ("Although it is a close call, the Court finds that the Board of Nursing is an arm of the State of Louisiana and that a suit against the Board of Nursing is 'in reality a suit against the state itself.'").

With respect to the first factor, in *Rodgers,* Judge Brady explained that Louisiana Revised Statute § 37:914 creates the LSBN within the State's Department of Health and Hospitals ("DHH"), which is an executive branch agency. This statutory structure makes the LSBN an "arm of the State" and, therefore, entitled to sovereign immunity. *See Rodgers*, 2015 WL 9274930, at *3; *see also McQueary-Layne*, 2019 WL 1549422 at *2 ("This Court has held that the LSBN is an arm of the State of Louisiana and that a suit against the Board of Nursing is 'in reality a suit against the state itself.'").

As to the second factor (source of the funds), the LSBN is for the most part financially independent from the state as it is funded solely by the fees it collects from nurses. *Rodgers*, 2015 WL 9274930, at *4; *see also* La. R.S. §§ 37:927, 928. The Board, however, has the authority to borrow funds approved by the State Bond Commission to use for acquiring or improving immovable property, s*ee* La. R.S. § 37:918(20), and its fees and budget are subject to the executive branch. *McQueary-Layne*, 2019 WL 1549422 at *3 (citing La. R.S. § 36:803(A)(3)). Thus, the State retains some control over the Board's finances, and this supports a finding that it is entitled to sovereign immunity.

Next, the third factor looks at the LSBN's autonomy by considering the extent of the Board's independence in managing and governing the agency. *Rodgers*, 2015 WL 9274930, at *4. This factor leans against a finding of Eleventh Amendment immunity because of the Board's power over the State of Louisiana's nursing profession by promulgating and enforcing rules and regulations. *See* La. R.S. § 37:918.

Yet, this same finding that the Board oversees the nursing profession for the *entire State of Louisiana* supports a finding of sovereign immunity under the fourth factor, which examines "whether the entity is concerned primarily with local, as opposed to statewide, problems."

*Rodgers*, 2015 WL 9274930, at *3. As Judge Brady explained in *Rodgers*, "[t]he LSBN is statutorily charged to 'preserve, and protect the public health, safety, and welfare by regulating nursing education and practice.' [Its] authority extends to the *entire state*, and is not limited by any geographic or territorial boundaries." *Id.* at *5 (quoting La. R.S. § 37:911) (emphasis added). Therefore, this factor supports the LSBN's assertion that it is entitled to sovereign immunity.

The fifth factor, which looks to whether the entity can be sued, also weighs in the LSBN's favor. Unlike other state boards, the statutory language governing the LSBN does not expressly state that the Board has capacity to sue and be sued. *Id.* (citing La. R.S. § 37:1361 (State Plumbing Board "may sue and be sued"); La. R.S. § 37:2161 (Louisiana State Board of Private Investigator Examiners "may sue and be sued"); La. R.S. § 37:2161 (State Licensing Board for Contractors "may sue and be sued")). As *Rodgers* found, this factor supports a finding of sovereign immunity. *Id.*

Finally, the sixth factor is based on "whether the entity has the right to hold and use property." *Id.* at *5. Under *Rodgers*, this factor weighs against the Board, as it has the right "to purchase, lease, maintain, or otherwise contract with respect to immovable property." *Id.*; *see also* La. R.S. § 37:918(20).

As a result, four of the relevant factors weigh in the LSBN's favor. Accordingly, this Court finds that the LSBN is entitled to sovereign immunity.

Plaintiff's reliance on *North Atlantic* is misguided and entirely misinterprets the LSBN's defense. *See* 2020 WL 6588946. As the Board argues, *North Atlantic* did not involve claims against a State asserting sovereign immunity; rather *North Atlantic* dealt with claims of absolute and qualified immunity by members of the Louisiana Board of Private Security Examiners in their own, individual capacities. *Id.* at *1. Thus, *North Atlantic* is not applicable to the facts at hand.

9

In sum, *Rodgers* demonstrates that the Board is an arm of the state entitled to sovereign immunity. This Court reaches the same result in this case. Accordingly, Defendant's motion can be granted on this ground alone.

## 2. The Board Is Not a "Person" Under § 1983

"Section 1983 provides a private right of action for damages to individuals who are deprived of 'any rights, privileges, or immunities' protected by the Constitution or federal law by any 'person' acting under the color of state law." *Williams*, 2019 WL 1003645, at *4 (quoting *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007) (internal quotations omitted). "The Supreme Court has 'held that a State is not a 'person' against whom a § 1983 claim for money damages might be asserted.'" *Id.* (quoting *Med. RX/Sys., P.L.L.C. v. Tex. Dep't of State Health Servs.*, 633 F. App'x 607, 610 (5th Cir. 2016) (citing *Lapides v. Bd. of Regents of Univ. Sys. of Ga*, 535 U.S. 613, 617 (2002)). "This rule extends to 'arms of the state,' and to a state's 'officials acting in their official capacities.'" *Id.* (internal citations and quotations omitted).

As mentioned above, the LSBN is considered an arm of the state, and therefore is not a "person" under § 1983. Further, Plaintiff's reliance on *North Atlantic* is, again, misplaced, as that case involves claims against persons in their individual capacities. *See* 2020 WL 6588946 at *1. Accordingly, Defendant's motion can be granted on this additional ground.

## 3. Supplemental Jurisdiction

As stated above, the Board asks the Court to decline to exercise supplemental jurisdiction over any state law claims made by Griffin. Having carefully considered the matter, the Court will deny this request as moot. Plaintiff has not included any specific state law claims in her *Complaint* or *Memorandum in Opposition*. Thus, there are no state law claims for which the Court can exercise supplemental jurisdiction.

**4. Leave to Amend**

"A court ordinarily should not dismiss the complaint except after affording every opportunity to the plaintiff to state a claim upon which relief might be granted." *JMCB, LLC v. Bd. of Com. & Indus.*, No. 17-75, 2018 WL 11319077, at *6 (M.D. La. Aug. 23, 2018) (quoting *Byrd v. Bates*, 220 F.2d 480, 482 (5th Cir. 1955). The Fifth Circuit has further stated:

> In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.

*Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *see also* 5B Charles A. Wright, Arthur R. Miller, *et al., Federal Practice and Procedure* § 1357 (3d ed. 2016) ("A wise judicial practice (and one that is commonly followed) would be to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the district court will be able to determine conclusively on the face of a defective pleading whether the plaintiff actually can state a claim for relief.").

Having carefully considered the matter, the Court will act according to this "wise judicial practice" and allow Griffin an opportunity to amend her complaint to state viable claims. However, the Court reminds Griffin's counsel of her obligations under Rule 11 and of the need for a good faith basis in law or fact for asserting a claim, including the ability to overcome qualified immunity for any claims against Board members under § 1983 and to defeat the state law immunity granted to Board members and employees under La. R.S. § 37:931(B).[1]

---

[1] La. R.S. § 37:931(B) states in relevant part:

> There shall be no liability on the part of and no action for damages against any member of the board, its officers, employees, agents, or representatives for any

11

## IV. Conclusion

Accordingly, **IT IS ORDERED** that *Defendant's Rule 12(b)(1) Motion to Dismiss* (Doc. 12) filed by the Louisiana State Board of Nursing is **GRANTED IN PART** and **DENIED AS MOOT IN PART.** The motion is granted in that Griffin's § 1983 claims against the Board are **DISMISSED WITHOUT PREJUDICE.** With respect to Griffin's state law claims, the motion is **DENIED AS MOOT.** Griffin shall have twenty-eight (28) days in which to amend her complaint to assert viable claims. If Griffin fails to do so, her claims against the Board will be dismissed with prejudice.

Signed in Baton Rouge, Louisiana, on <u>November 10, 2021</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

action undertaken or performed by such individual within the scope of the duties, powers, and functions of the board when acting without malice and in the reasonable belief that the action taken is within the board's and such individual's authority.